UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARL LEE BLACKMON,
    Petitioner,

vs.                                    Case No.: 3:23cv3190/LAC/ZCB

RICKY D. DIXON,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Carl Lee Blackmon has filed an amended habeas corpus petition under 28 U.S.C. § 2254. (Doc. 8). He admits that he previously filed a § 2254 challenging the same state court judgment, and that the previous petition was dismissed as procedurally barred. (*Id.* at 7-8). For the reasons discussed below, the undersigned recommends that Petitioner's amended petition be dismissed for lack of jurisdiction.

### I.    Background

On December 2, 2004, Petitioner was convicted in Escambia County Circuit Court (Case No. 2004-CF-2181) of second degree sexual battery, burglary with assault or battery, and simple battery. (Doc. 8 at 1-2). He was sentenced to life imprisonment. (*Id.* at 2). Petitioner now seeks habeas relief on the ground that

1

the information did not sufficiently charge an assault; therefore, his conviction of burglary with assault was unconstitutional, and his sentence was unconstitutionally enhanced. (*Id.* at 9, 11).

Noting Petitioner's admission that he previously filed a § 2254 petition challenging the same state court judgment, the Court directed Petitioner to show cause as to why this case should not be dismissed for lack of jurisdiction as an unauthorized successive petition. (Doc. 9). Petitioner responded with arguments on the merits of his habeas claims, but he failed to address the issue of whether his petition was an unauthorized successive petition. (Doc. 11).

## II.   Discussion

Before a second or successive habeas petition under § 2254 may be heard in a U.S. District Court, the petitioner must obtain authorization from the appropriate appellate court. 28 U.S.C. § 2244(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015). Absent such appellate court authorization, a district court lacks jurisdiction to hear a second or successive § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain appellate court authorization); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

2

"[T]he phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011). A second petition qualifies as "second or successive" if it challenges the same judgment as the first, and the first was denied on the merits or dismissed with prejudice. *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999). But a second petition does not qualify as "second or successive" if the first petition was not considered on the merits and was dismissed without prejudice to allow the petitioner to exhaust state remedies. *Slack v. McDaniel,* 529 U.S. 473, 487 (2000).

In this case, Petitioner admitted on the current petition form that he previously filed a federal petition challenging the same state court judgment. (Doc. 8 at 7-8). As set forth in the show cause order (Doc. 9), the Court's electronic docket reveals that Petitioner previously filed four § 2254 actions challenging the same convictions and sentences he challenges here: *Blackmon v. Pippin*, 3:08cv510/RV/EMT (N.D. Fla. 2008); *Blackmon v. Crews*, No. 3:13cv3/RV/EMT (N.D. Fla. 2013); *Blackmon v. Secretary*, No. 3:15cv433/MCR/CAS (N.D. Fla. 2015); and *Blackmon v. Secretary*, 3:20cv5454/LAC/HTC (N.D. Fla. 2020).

In the 2008 case, the Court denied the petition on the merits and as procedurally barred. (3:08cv510/RV/EMT (N.D. Fla. June 16, 2011), Doc. 34

3

(adopting Report and Recommendation, Doc. 29)).  The Court dismissed the 2013 petition as an unauthorized successive § 2254 petition.  (3:13cv3/RV/EMT (N.D. Fla. Apr. 11, 2013), Doc. 13 (adopting Report and Recommendation, Doc. 11)).  Petitioner voluntarily dismissed the 2015 case after the State moved to dismiss the habeas petition as impermissibly successive.  (3:15cv433/MCR/CAS (N.D. Fla. Mar. 29, 2016), Doc. 10).  The Court dismissed the 2020 petition as impermissibly successive. (3:20cv5454/LAC/HTC (N.D. Fla. July 14, 2020), Doc. 8 (adopting Report and Recommendation, Doc. 6)).

      In the present case, Petitioner faces the same jurisdictional hurdle that he faced in the 2013, 2015, and 2020 cases—the petition is a successive one that has not been authorized by the Eleventh Circuit Court of Appeals.  For this reason, Petitioner's current § 2254 petition should be dismissed.  *See Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1180 (11th Cir. 2019) (stating that a district court is "required to dismiss" for "lack of jurisdiction" a second or successive § 2254 petition that is filed without the appellate court's permission).

### III.   Conclusion

      This matter should be dismissed for lack of jurisdiction because Petitioner did not obtain appellate court authorization to file a second or successive habeas corpus

4

petition.[1]   It is, therefore, respectfully **RECOMMENDED** that:

1. Petitioner's amended habeas petition (Doc. 8) be **DISMISSED for lack of jurisdiction**.

2. The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 9th day of June 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] A certificate of appealability is not required to appeal a dismissal for lack of subject matter jurisdiction of a successive habeas petition. *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020).